# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 06MJ32 |
| vs. | **DETENTION ORDER** |
| EDWIN ALVAREZ, | |
| Defendant. | |

This matter came on for detention hearing before the undersigned on February 14, 2006. Assistant U.S. Attorney Kevin Fletcher appeared on behalf of the plaintiff (the "Government"). The defendant Edwin Alvarez appeared in person with his attorney, Conrad Douglas. The Government offered the testimony of Task Force Agent John Hunter Bellon. Alvarez offered the testimony of his girlfriend, Kelsey Bursell. Alvarez had two other witnesses available to testify regarding his proposed living arrangements and available employment opportunities, but the court accepted the proffer of defense counsel regarding those witnesses' proposed testimony and the witnesses were not called to the stand.

Immediately after the court adjourned the hearing, the court was informed the Government wished to offer further testimony. Therefore, the hearing was resumed several hours later, and the Government recalled Agent Bellon for further testimony, as discussed below.

The court must determine whether any condition or combination of conditions will reasonably assure the defendant's appearance as required, as well as the safety of any other

person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Fortna*, 769 F.2d 243 (5th Cir. 1985), *cert. denied*, 479 U.S. 950, 107 S. Ct. 436 (mem.), 93 L. Ed. 2d 385 (1986); *United States v. Garcia*, 801 F. Supp. 258, 260 (S.D. Iowa 1992).

The court is to presume that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community if the court finds there is probable cause to believe the defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 *et seq*. This presumption is subject to rebuttal by the defendant. 18 U.S.C. § 3142(e); *see* 18 U.S.C. § 3142(f)(1)(C). The probable cause element of section 3142(e) which triggers the rebuttable presumption of risk of flight and danger to the community may be established through evidence presented at the detention hearing of an offense which is subject to the rebuttable presumption. *See United States v. Apker*, 964 F.2d 742, 744 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069 (8th Cir. 1988).

The evidence indicates Alvarez has had sporadic employment in the Sioux City area. He and Bursell have been together for approximately two years. If released, he would be allowed to live with Bursell's mother, who owns a reputable business in Sioux City. Alvarez has attended a drug treatment program and purportedly is clean and sober, and Bursell and both of her parents also participate in recovery programs. Bursell testified her mother has been sober for over twenty years. In addition, the evidence indicates Alvarez has several job opportunities if he is released.

On the other hand, the record indicates Alvarez has at least some connection to Mexico. Records indicate he crossed the border from Mexico to the United States in May 2004. In addition, recorded phone conversations between Alvarez and Bursell, and between Alvarez and his father, suggest Alvarez's father either resides in Mexico, or travels there frequently. An unknown source also has suggested to officers that Alvarez has a place to live in Mexico, should he decide to flee there. The citizenship of Alvarez's father is not part of the record, but it appears Alvarez himself is a United States citizen.

The evidence also indicates Alvarez participated in two controlled buys of drugs, each involving significant quantities. A search of Alvarez's residence pursuant to a warrant yielded more drugs, and suspected drug notes suggesting individuals owe Alvarez some $26,000 in connection with drug transactions.

In addition to the two controlled buys, two undercover officers met with Alvarez on a third occasion, and consummated a transaction in which Alvarez traded drugs and cash for two handguns, one of which had a built-in silencer. Alvarez exhibited familiarity with other types of handguns the agents had with them. Alvarez indicated he was interested in obtaining additional weapons, and stated that within a week, he could return and trade drugs for more weapons. In particular, he stated he could provide about one-half ounce of "ice" methamphetamine in exchange for a fully automatic weapon.

Of particular concern to the court is the evidence provided by Agent Bellon during the resumed hearing. He testified officers have begun reviewing tape-recorded conversations of telephone calls Alvarez has made from the Woodbury County Jail. During the calls they have reviewed so far, Alvarez has had several discussions with Bursell about killing the confidential informant who turned him in to law enforcement. The calls indicate Alvarez's father has traveled to Sioux City from Mexico, in an attempt to locate

3

and harm the informant, and both Bursell and Alvarez's father have driven past the individual's residence.

During the hearing, Alvarez raised questions regarding how the officers determined the identities of the individuals speaking on the tape recordings. After the defendant has had an opportunity to review the tapes, he may move for reconsideration of the detention determination if he has evidence the calls were not made by him, were fabricated, or otherwise are not reliable. However, for detention purposes, the court accepts the officer's testimony that he was familiar with Alvarez's voice and recognized it on the calls, and furthermore, Alvarez had identified both himself and the individual he was calling during the calls.

The Government's case against Alvarez is extremely strong, and Alvarez offered no evidence sufficient to rebut the presumption that he would be a flight risk or a danger to the community, if released. The presumption arises from the current charge itself – a serious drug charge involving distribution of a significant quantity of methamphetamine. *See United States v. Cox*, 635 F. Supp. 1047, 1055 (D. Kan. 1986) (citing *United States v. Fortna*, 769 F.2d 243, 247 (5th Cir. 1985); *United States v. Williams*, 753 F.2d 329, 335 (4th Cir. 1985); *United States v. Daniels*, 622 F. Supp. 178, 179 (N.D. Ill. 1985); *United States v. Jones*, 614 F. Supp. 96, 97-98 (E.D. Pa. 1985)).

The court finds the Government has proved by a preponderance of the evidence that Alvarez is a flight risk, and by clear and convincing evidence that Alvarez would be a danger to the community if released. Therefore, the court finds the following:

1. Alvarez is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford Alvarez reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Alvarez to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

   (a) Attach a copy of the release/detention order to the appeal;

   (b) Promptly secure a transcript.

5. There is *no automatic stay* of this Order. Therefore, Alvarez must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 14th day of February, 2006.

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT